**Melissa LABOY, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant.**

**No. 06 Civ 4772.**

United States District Court,
S.D. New York.

Nov. 30, 2007.

Melissa Laboy, New York City, Pro se.

John E. Gura, United Stated Attorney for the Southern District of New York, New York City, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND[1]

Pro Se Plaintiff Melissa Laboy ("Laboy") brought this action for review of the final determination by the Commissioner of Social Security (the "Commissioner") denying Laboy's claim for Supplemental Security Income ("SSI") benefits under the Social Security Act (the "Act"), 42 U.S.C. § 405(g) (" § 405(g)"). The Commissioner moves for judgment on the pleadings on the grounds that the determination of the Administrative Law Judge ("ALJ") is supported by substantial evidence.

Laboy applied for SSI benefits on August 23, 2003. Her application claimed that she had been disabled since January 9, 2001, when she injured her leg after falling on ice. Laboy was rushed to the hospital following her accident, and was

---

1. The factual summary derives from the administrative record filed by the Commissioner which, except where necessary, the Court will not cite further. Citations to this record will be referred to as "Tr."

diagnosed with a right tibial/fibula fracture. She underwent a procedure for the fracture, and was discharged from the hospital on January 15, 2001. She received weekly postoperative physical therapy beginning March 29, 2001 through November 6, 2001. Laboy claims that she is still disabled as a result of the injury sustained on January 9, 2001, as she continues to have swelling and pain in her right leg when it is cold or when she walks or stands for extended periods of time.

Laboy's application was denied on January 12, 2004 in an initial administrative review. Laboy then requested a hearing, which was held on January 20, 2006. The ALJ before whom Laboy appeared considered the case *de novo*, and issued a written decision on February 2, 2006 concluding that Laboy was not disabled. The ALJ determined that, although Laboy's injury qualified as a "severe impairment," she retained residual functional capacity to perform sedentary work.

On April 26, 2006, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Laboy's request for review. Laboy brought this action on May 17, 2006 seeking Court review of the Commissioner's denial of benefits.

The Commissioner filed a motion for judgment on the pleadings on April 13, 2007. Laboy's reply was due on May 11, 2007. On July 6, 2007 the Court directed Laboy to respond to the Commissioner's motion within twenty (20) days, and was advised that, in the event no timely response was received, the Court would proceed to review the Commissioner's motion on the basis of the papers in the record. Laboy has not responded to the Court's Order. Accordingly, having reviewed Laboy's application and the Commissioner's motion for judgment on the pleadings requesting dismissal of this action, the Court grants the motion.

## II. *Discussion*

■ After reviewing the materials comprising the record, the Court is persuaded that there is substantial evidence to support the Commissioner's determination that, during the period in which Laboy applied for SSI benefits, Laboy was not disabled within the definition of that term in the Act. *See* 42 U.S.C. § 423(d). Section 405(g) provides that "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). A fact is supported by substantial evidence when the supporting evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson*, 402 U.S. at 401, 91 S.Ct. 1420 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

"Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d).

In determining that Laboy was not disabled, the ALJ utilized the five-step assessment for the adjudication of disability claims contained in 20 C.F.R. §§ 404.1520(a)(4) and 416.920, and elaborated by the Second Circuit in *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir.2000) and

*DeChirico v. Callahan*, 134 F.3d 1177, 1179 (2d Cir.1998). The steps, as stated in *Shaw*, 221 F.3d at 132 are:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities;
>
> (3) If the claimant has a "severe impairment," whether, based solely on medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience;
>
> (4) If the impairment is not "listed" in the regulations, whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work; and
>
> (5) if the claimant is unable to perform his or her past work, whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps.

221 F.3d at 132.

Though the ALJ found that Laboy had not engaged in substantial gainful activities during the relevant period, and that her physical impairment was sufficiently severe to impair basic work functions, the ALJ determined that the severity of Laboy's ailment did equate to those listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P. (Tr. 13–14.) He found Laboy did not meet the requirements of the regulations pertaining to a fracture of the tibia, as there was no evidence Laboy was unable to ambulate effectively or that a non-union was present in her x-rays. (*Id.*) With respect to step four, the ALJ, relying on medical opinions, found that Laboy had the residual functional capacity to lift 10 pounds and stand and/or walk up to two hours a day. (*Id.*) Under the fifth step of the analysis, after considering Laboy's age, educational and work experience, and residual functional capacity, the ALJ determined that a significant number of jobs exist in the national economy that Laboy may perform. The AJL therefore denied Laboy's claim that she was disabled and eligible for SSI benefits.

■ The Court finds that the record as a whole, including Laboy's own statements and her medical records, contains substantial evidence to support the ALJ's determination. In particular, Laboy indicated at the hearing and in a written report that she was able to perform household chores such as cooking, cleaning, and laundry without assistance. (Tr. 72–73; 143.) She also testified that she walked for exercise, can walk a few blocks when using a cane, and in fact, had walked to the hearing. (Tr. 142–43.) Additionally, a physician from the Hospital for Special Surgery examined Laboy on March 14, 2002, and determined that Laboy's wound was well-healed and that her motor strength and sensory function were intact for the entire lower right extremity, but that the range of motion in Laboy's right ankle was restricted. (Tr. 119.) Similarly, a consulting physician examined Laboy on October 8, 2003, and concluded that she would have moderate limitations in walking, standing, bending, lifting and carrying heavy objects due to pain, and limited range of motion in her right ankle. (Tr. 131.)

The evidence provided by two doctors and by Laboy herself is more than sufficient to conclude that the ALJ's decision was based on substantial evidence, and

thus warrants granting the Commissioner's motion.

## III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket # 9) of defendant Commissioner of Social Security for judgment on the pleadings dismissing the complaint of plaintiff Melissa Laboy is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**